IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 10-379-1 |
| | : | |
| BRANDON BUNSON | : | |

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Movant, Brandon Bunson, through undersigned counsel, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255. Movant was convicted and sentenced under 18 U.S.C. § 924(c) for using or carrying a firearm in furtherance a crime of violence. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015), Movant's predicate crime does not qualify as a crime of violence under § 924(c); the resulting conviction and sentence violate due process of law. Movant respectfully requests that this Court grant this motion, vacate his § 924(c) conviction and sentence, and re-sentence him without § 924(c)'s mandatory minimum and any related sentencing enhancements.

**I.    Procedural History.**

On April 1, 2015, this Court entered a judgment convicting Movant of four counts of Hobbs Act robbery and one count of brandishing a firearm in the commission thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced Movant to 84 months' imprisonment pursuant to § 924(c)'s mandatory minimum, to run consecutively to 156 months' imprisonment for the other counts of conviction.

**II.   Grounds for Relief.**

   a.  **The *Johnson* Decision.**

1

In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Movant's conviction and sentence under § 924(c) violate due process of law.  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.  Before *Johnson*, the ACCA defined a violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>> i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The ACCA's definition of violent felony is divided into three distinct clauses.  An offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" falls under the "force clause."  Burglary, arson, extortion, and offenses involving the use of explosives fall under the "enumerated offense clause."  An offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" falls under the "residual clause."

In *Johnson*, the Supreme Court held that the language of ACCA's residual clause was so vague as to deny fair notice of what conduct is prohibited and invite arbitrary enforcement in violation of due process.  *Johnson*, 135 S. Ct. at 2557-59.  Section 924(c) includes a materially identical (though not identically worded) residual clause in its definition of "crime of violence":

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 924(c)(3) (emphasis added).[1]  Cases interpreting the residual clauses of § 924(c)(3) and 18 U.S.C. § 16(b)—a provision identical to § 924(c)(3)(B)—regularly rely on ACCA cases, and *vice-versa*.  The two features that rendered ACCA's residual clause unconstitutional are equally present in § 924(c)'s residual clause.  *See Johnson*, 135 S. Ct. at 2557-58 ("Two features of the residual clause conspire to make it unconstitutionally vague.  In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime.  It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. . . .  At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.").  Accordingly, *Johnson* invalidates the residual clause § 924(c)(3).

In evaluating whether an offense is a "violent felony" under the ACCA or a "crime of violence" under § 924(c), courts apply a "categorical approach," meaning they "look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions."  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (ACCA) (internal quotation marks omitted); *United States v. Brown*, 765 F.3d 185, 189 & n.2 (3d Cir. 2014) (career offender guideline).  An offense is a "categorical" match only if all of

---

[1] The definition of "crime of violence" in § 924(c)(3) is divided into an "element-of-force clause" and a "residual clause."

the conduct covered by the statutory definition, "including the most innocent conduct," matches or is narrower than the definition of a "crime of violence" supplied by § 924(c). *United States v. Shell*, 789 F.3d 335, 339 (4th Cir. 2015) (discussing the career offender guideline); *see also Brown*, 765 F.3d at 189.

Notably, the Solicitor General's brief to the Supreme Court in *Johnson* expressly acknowledged that § 16(b) "is equally susceptible to petitioner's central objection to the residual clause," that it is unconstitutionally vague, because, "[l]ike the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense . . . ." Supplemental Brief of United States, *Johnson v. United States*, 2015 WL 1284964, at *22-23 (Mar. 20, 2015). Since *Johnson*, several courts of appeals and district courts have found the residual clauses of §§ 924(c)(3)(B) and 16(b) are unconstitutional. *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) (holding § 16(b)'s definition of "crime of violence" unconstitutionally vague under *Johnson*), *reh'g en banc granted* (Feb. 26, 2016); *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015) (§ 16(b)'s identical residual clause is void for vagueness); *United States v. Edmundson*, —F. Supp. 3d—, 2015 WL 9582736 (D. Md. Dec. 30, 2015) (holding § 924(c)(3)(B) void for vagueness); *United States v. Bell*, No. 15-cr-258, 2016 WL 344749, at *12-*13 (N.D. Cal. Jan. 28, 2016) (same); *United States v. Lattanaphom*, No. 99-cr-433, 2016 WL 393545, at *6 (E.D. Cal. Feb. 2, 2016) (same); *see also Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (authorizing a successive § 2255 motion where petitioner made prima facie showing that his convictions were based on § 924(c)(3)'s residual clause, which is identical to the clause in § 16(b) already held unconstitutionally vague under *Johnson* in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015)).

### b. The predicate crime for Movant's § 924(c) conviction does not qualify as a "crime of violence"; Movant's conviction and sentence violate due process of law.

After *Johnson*, Movant's conviction and sentence under § 924(c) must be vacated because he does not have a predicate crime of violence. Hobbs Act robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," as required by the element-of-force clause at § 924(c)(3)(A). In this context, "physical force means *violent* force." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) (internal citations omitted). The offense defined by 18 U.S.C. § 1951(a) does not categorically require the use of violent force. A person may commit Hobbs Act robbery by such non-forcible means as placing a person in fear of future injury (say, by threatening to stealthily cause harm 'just when you least expect it'), or even by threatening to cause the devaluation of an investment (say, by tearing up a promissory note). *See, e.g., United States v. Teamsters Local 560*, 780 F.2d 267, 281 (3d Cir. 1986); *see also Chrzanoski v. Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003) (explaining that physical harm can be caused by "guile [or] deception" rather than force).

Instead, Movant's predicate Hobbs Act robbery fell under § 924(c)(3)'s residual clause, which is now void for vagueness. Thus, Movant's § 924(c) conviction and sentence violate due process of law.

Movant was convicted and sentenced under § 924(c)(1)(A)(ii) because of a finding that the firearm was brandished, which resulted in a mandatory minimum sentence of 7 years' imprisonment. Under § 924(c)(1)(D)(ii), this mandatory minimum sentence cannot "run concurrently with any other term of imprisonment imposed on the person, including any term of

imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

At the original sentencing, Movant's guideline range without the § 924(c) conviction was 70 to 87 months, based on a total offense level of 27 and a criminal history category of I. Thus, Movant's current 240-month sentence is nearly three times greater than the actual guideline maximum.

### c. This motion is timely.

This motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and this motion is filed within a year of that date.

### d. The rule announced in *Johnson* is retroactive to cases on collateral review.

On April 18, 2016, the Supreme Court held that *Johnson* is retroactive to cases on collateral review. *Welch v. United States*, No. 15-6418, — S. Ct. — (April 18, 2016). Because *Johnson* is retroactive for ACCA purposes, it is also retroactive for purposes of § 924(c).[2] *Johnson* applies retroactively to this case.

---

[2] This Court can make the decision about Johnson's retroactivity to guidelines cases in a first motion brought under 28 U.S.C. § 2255—it does not have to wait for the Supreme Court or the Courts of Appeals to do so first. *See United States v. Swinton*, 333 F.3d 481, 486 (3d Cir. 2003) ("[C]ourts of appeals and district courts may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2255.").

**WHEREFORE**, for all of the reasons stated, Movant respectfully asks this Court to grant his § 2255 motion and list this matter for a new sentencing hearing. If the Government opposes this motion, Movant respectfully requests an opportunity to file a memorandum of law in support of his claim for relief.

Respectfully submitted,

*/s/ Nina C. Spizer*
NINA C. SPIZER
Chief, Trial Unit
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
(215) 928-1100

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served upon Thomas M. Zaleski, Assistant United States Attorney, via this Court's electronic case filing system.

                                                */s/ Nina C. Spizer*
                                                NINA C. SPIZER
                                                Chief, Trial Unit

DATE: May 20, 2016